UNITED STATES DISTRICT COURT
Eastern District of Wisconsin

| | |
|---|---|
| AIMAN ABU NAAJ, Petitioner; MAJED ABU ALNAAJ, Main Beneficiary; GHADEER METHGAL, derivative wife; FORAT ABU ALNAAJ, derivative child; MUTAZ ABU ALNAAJ, derivative child; AMJAD ABU ALNAAJ, derivative child; EMRAN ABU ALNAAJ, derivative child; BABEL ABU ALNAAJ, derivative child; HAREER ABU ALNAAJ, derivative child; MOHAMMAD ABU ALNAAJ, derivative child; <br><br>             Petitioners-Petitioners, <br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY; ALEJANDRO MAYORKAS, in his official capacity as Secretary of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES UR M. JADDOU, Director, U.S. Citizenship and Immigration Services; HOMELAND SECURITY INVESTIGATIONS; STEVE k. FRANCIS, in his official capacity as Acting Executive Associate Director of Homeland Security Investigation; FEDERAL BUREAU OF INVESTIGATION; CHRISTOPHER A. WRAY, in his official capacity as Director of the Federal Bureau of Investigation; ANTONY BLINKEN in his official capacity as Secretary of State; HENRY WOOSTER in his official capacity as Ambassador to the Hashemite Kingdom of Jordan <br><br>             Respondents-Respondents. | Case No.: 23-271 <br><br> PETITION FOR WRIT OF MANDAMUS <br><br> Honorable Judge: <br><br> Magistrate: <br><br><br> Mohammad Shair, Esq <br> *Attorney for Petitioner* <br> Mohammad Zohdi Shair Attorney and Counselor P.A. <br> 10730 N 56th St STE 206C <br> Temple Terrace, FL <br> mzshair@gmail.com |

# PETITION FOR WRIT OF MANDAMUS

Now comes the Petitioners-Petitioners, AIMAN ABU ALNAAJ, Petitioner; MAJED ABU ALNAAJ, Main Beneficiary; GHADEER METHGAL, derivative wife; FORAT ABU ALNAAJ, derivative child; MUTAZ ABU ALNAAJ, derivative child; AMJAD ABU ALNAAJ, derivative child; EMRAN ABU ALNAAJ, derivative child; BABEL ABU ALNAAJ, derivative child; HAREER ABU ALNAAJ, derivative child; MOHAMMAD ABU ALNAAJ, derivative child;.

Herein by and through their attorney Mohammad Shair Esq. (1025703), and states as follows:

Sue Respondents-Respondents, UNITED STATES DEPARTMENT OF HOMELAND SECURITY; ALEJANDRO MAYORKAS, in his official capacity as Secretary of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES UR M. JADDOU, Director, U.S. Citizenship and Immigration Services; HOMELAND SECURITY INVESTIGATIONS; STEVE k. FRANCIS, in his official capacity as Acting Executive Associate Director of Homeland Security Investigation; FEDERAL BUREAU OF INVESTIGATION; CHRISTOPHER A. WRAY, in his official capacity as Director of the Federal Bureau of Investigation; ANTONY BLINKEN in his official capacity as Secretary of State; HENRY WOOSTER in his official capacity as Ambassador to the Hashemite Kingdom of Jordan.

## INTRODUCTION

1. This cause is brought to compel action on an immigrant visa. The Petitioners are as follows: AIMAN ABU NAAJ, Petitioner; MAJED ABU ALNAAJ, Main Beneficiary; GHADEER METHGAL, derivative wife; FORAT ABU ALNAAJ, derivative child; MUTAZ

ABU ALNAAJ, derivative child; AMJAD ABU ALNAAJ, derivative child; EMRAN ABU ALNAAJ, derivative child; BABEL ABU ALNAAJ, derivative child; HAREER ABU ALNAAJ, derivative child; MOHAMMAD ABU ALNAAJ, derivative child;. The Case Number with the National Visa Center and the Department of State U.S. Embassy in Amman, Jordan is AMM2009758002. There was an interview on the case and additional documents were requested; everything was submitted. The case is under administrative processing and has been since August 16, 2016; over six (6) years pending with no response or final adjudication. The Petitioners remain within the jurisdiction of Respondents, who have improperly withheld approval of the application, issuance of visas, and have caused the Respondent severe detriment.

2. All of the requirements necessary for an approved immigrant visa have been provided and all requested documents have been submitted.

3. Lead Respondent, Mr. Abu Naaj, is a national and citizen of the United States who petitioned for his brother to immigrant to the United States. The case has gone through a long adjudication process, first he received an approved I-130, Petition for Alien Relative, second he had to wait until a visa was available which took about twelve (12) years, third he submitted all required documents to the National Visa Center, and finally fourth the Beneficiary went to the interview at the embassy and submitted any additional documents requested. The immigration process is long and costly with well over fifteen (15) years of waiting and thousands of dollars spent.

4. Respondent Beneficiary, Majed Abu Al Naaj has several children and a wife who will be immigrating with him; all are listed as Respondents.

5. Undue delay and improper withholding of statutorily mandated adjudication of an immigrant visa violates the Administrative Procedures Act ("APA"), 5 U.S.C. $ 555 *et seq.* and

§701 *et seq.*; the Immigration and Nationality Act ("INA"), INA § 208(b)(3) (8 U.S.C. §1158(b)(3); 8 C.F.R. §208.21); and violates Fifth Amendment Due Process.

6. Petitioner's rights have been infringed upon by this undue delay, be it due to missed opportunity, lost attorney fees, and wasted time.

**JURISDICTION**

7. <u>Statutory Jurisdiction</u>. This Honorable Court has jurisdiction over this matter on the basis of several provisions. The Court has federal-question jurisdiction under 28 U.S.C. § 1331, because Petitioners' claims arise under the laws of the United States, particularly the section of the Immigration and Nationality Act (INA) pertaining to adjustment of status. See INA § 245(a) (8 U.S.C. § 1255; 8 C.F.R. § 245.1(a)) (setting forth the requirements for eligibility to adjust status); INA § 245(c)(2) (8 U.S.C. § 1255(c)(2); 8 C.F.R. 245.1(b)(6)) (provision on the technical reasons exception to maintaining continuously a lawful status since entry into the United States).

8. This Court also has jurisdiction under 28 U.S.C. §1361 (the Mandamus Act), which states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner." It also has jurisdiction in conjunction with 28 U.S.C. §1348 (United States as a Respondent); 28 U.S.C. §1651 (All Writs Act); 28 U.S.C. § 2201-2202 (Declaratory Judgment Act); Administrative Procedure Act 5 U.S.C. § 551 *et seq.* and § 701 *et seq.*; Federal Rules of Civil Procedure, Rules 57 (Declaratory Judgments) and Rule 65 (Injunctions) permitting declaratory and injunctive actions.

9. <u>Exhaustion of Remedies</u>. Respondents have exhausted all administrative remedies available to them in that the Respondent and/or their attorneys have made *numerous* attempts to obtain a resolution of the delay described in this Complaint. Since the last interview and being

placed in Administrative Processing Respondent has provided all information requested and has periodically contacted the Embassy. The Administrative Remedies available were exhausted. See Exhibits D-M. Included in the Exhibits are extensive details of all the emails sent, and online inquiries using the USTRAVEL platform for the Department of State.

## VENUE

10. Venue lies in this District, the United States District Court for the Eastern District of Wisconsin, under 28 U.S.C. $1391(e), which states, in pertinent part, that "a civil action in which a Respondent is an officer or employee of the United States or any agency thereof... may ... be brought in any judicial district in which (1) a Respondent in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the Petitioner resides if no real property is at issue." *Id.* Lead Respondent resides within the jurisdiction of the East District of Wisconsin. See Exhibit N.

## PARTIES

11. Lead Petitioner, Mr. Aiman Abu Naaj, is a United States Citizen.

12. Lead Petitioner resides at 5785 S 13th St Milwaukee, WI 53221.

13. The subsequent Petitioners are the main Beneficiary of the immigrant visa Mr. MAJED ABU ALNAAJ, and his family members GHADEER METHGAL, derivative wife; FORAT ABU ALNAAJ, derivative child; MUTAZ ABU ALNAAJ, derivative child; AMJAD ABU ALNAAJ, derivative child; EMRAN ABU ALNAAJ, derivative child; BABEL ABU ALNAAJ, derivative child; HAREER ABU ALNAAJ, derivative child; MOHAMMAD ABU ALNAAJ, derivative child;

14. The Respondents are:

a. Respondent Alejandro Mayorkas is the Secretary of Department of Homeland Security ("DHS"), the department under which USCIS and other immigration agencies operate. Respondent Mayorkas has supervisory responsibility over USCIS. Petitioners sue Respondent Mayorkas in his official capacity.

b. Respondent U.S. Citizenship and Immigration Services (USCIS) Director UR M. JADDOU. U.S. Citizenship and Immigration Services is an agency of DHS and is responsible for overseeing the adjudication of immigration benefits, including Adjustment of Status applications based on refugee status. USCIS implements the federal law and policy with respect to immigration benefits.

c. Respondent Homeland Security Investigations ("HSI") Acting Executive Associate Director of Homeland Security Investigation STEVE k. FRANCIS, in his official capacity as Acting Executive Associate Director of Homeland Security Investigation an agency of the DHS, and is responsible for national security investigations on behalf of DHS in coordination with the National Counterterrorism Center. HSI is one of the agencies that provide data for background checks to DHS.

d. Respondent Director of the Federal Bureau of Investigation ("FBI") CHRISTOPHER A. WRAY, in his official capacity. FBI is a national security organization with intelligence and law enforcement responsibilities. It is responsible for background checks, including name checks, requested by other agencies including HSI, FDNS, USCIS, and DOS.

e. Respondent ANTONY BLINKEN in his official capacity as Secretary of State, the Department of State has authority over the U.S. Embassy in which the case remains in Administrative Processing;

f. Respondent HENRY WOOSTER in his official capacity as Ambassador to the Hashemite Kingdom of Jordan;

**STATUTORY AND REGULATORY BACKGROUND**

15. United States immigration laws enacted by Congress provide authority over immigration and visa related matters, including entry and exit of all travelers across the nation's borders. Immigration laws, including the Immigration and Naturalization Act (INA) in Title 8 of the United States Code with amendments, as well as additional laws, control U.S. visa processing and issuance.

16. There are only two possible outcomes for complete and executed U.S. visa applications (absent a visa sanction against a country under Section 243(d) of the Immigration and Nationality Act). The consular officer will either issue or refuse the visa. If a visa applicant has not established that he or she is eligible for a visa, the consular officer must refuse that application. However, in accordance with Department procedures, a consular officer may determine that additional information from sources other than the applicant may help establish an applicant's eligibility for a visa. In such cases, refused visa applications warrant further administrative processing. Upon completion of the case-specific administrative processing, the consular officer might conclude that an applicant is now qualified for the visa for which he or she applied. Alternatively, the officer may conclude that the applicant remains ineligible for a visa. When administrative processing is required, the consular officer will inform the applicant at the end of the interview. The duration of the administrative processing will vary based on the individual circumstances of each case. Visa applicants are reminded to apply early for their visas, well in advance of the anticipated travel date.

17. 8 USC 1201(g) Non Issuance of visas or other documents

No visa or other documentation shall be issued to an alien if (1) it appears to the consular officer, from statements in the application, or in the papers submitted therewith, that such alien is ineligible to receive a visa or such other documentation under section 1182 of this title, or any other provision of law, (2) the application fails to comply with the provisions of this chapter, or the regulations issued thereunder, or (3) the consular officer knows or has reason to believe that such alien is ineligible to receive a visa or such other documentation under section 1182 of this title, or any other provision of law: Provided, That a visa or other documentation may be issued to an alien who is within the purview of section 1182(a)(4) of this title, if such alien is otherwise entitled to receive a visa or other documentation, upon receipt of notice by the consular officer from the Attorney General of the giving of a bond or undertaking providing indemnity as in the case of aliens admitted under section 1183 of this title: Provided further, That a visa may be issued to an alien defined in section 1101(a)(15)(B) or (F) of this title, if such alien is otherwise entitled to receive a visa, upon receipt of a notice by the consular officer from the Attorney General of the giving of a bond with sufficient surety in such sum and containing such conditions as the consular officer shall prescribe, to insure that at the expiration of the time for which such alien has been admitted by the Attorney General, as provided in section 1184(a) of this title, or upon failure to maintain the status under which he was admitted, or to maintain any status subsequently acquired under section 1258 of this title, such alien will depart from the United States.

## **FACTUAL ALLEGATIONS**

17. Petitioners never received a 221(g) Refusal and they are simply waiting approval from the Department of State. See Exhibit I Inquiry Case-2018- 04-16-010577099

18. There have not been any additional documents requested, all preliminary documents have been provided. The Petitioners have attended an interview.

19. The Petitioners are eligible for immigrant visas, but the Department of State is withholding final adjudication and issuance.

## HARM THAT RESPONDENTS ARE CAUSING PETITIONERS

20. Petitioners have suffered, and are suffering, significant harm because of the Respondents' policies, procedures, acts and/or failures to act as described in this Petition. The Respondents' denial of Petitioner's visa petition constitutes a failure to properly administer the Immigration and Nationality Act (INA). As a result, Petitioners have been unable to adjust their status to lawful permanent resident.

21. Respondent's delay in issuance of the visa has caused Petitioners inordinate and unfair amounts of stress, expense, and hassle. Petitioners are entitled to the visa issuance on their application to adjust status without further delay.

22. <u>Infringement on Constitutional Rights</u>. Petitioners' rights to due process of law and equal protection under the Fifth Amendment to the United States Constitution have been and continue to be violated by Respondents' failures, policies and practices as described in this Petition.

## CAUSES OF ACTION

### Count I
### Violation of Administrative Procedures Act,
### 5 U.S.C. §555 *et seq.* and 870*1 et seq.*

23. Petitioners incorporate paragraphs 1 through 22, as if fully stated in this Count.

24. Respondent's practices, policies, conduct, and failures to act as alleged in this Complaint violate the Administrative Procedures Act, 5 U.S.C., because:

- an action (namely, the denial of Petitioners' adjustment of status) by an agency of the United States, i.e., Department of Homeland Security, is being "**unlawfully withheld** or unreasonably delayed." U.S.C. 8706(1);
- the agency's delay in adjudicating these applications is "arbitrary, capricious, [and] not in accordance with law," as proscribed by 5 U.S.C. $706(2)(A); and
- the agency's handling of these applications has not been affected "[w]ith due regard for the convenience and necessity of the parties...and within a reasonable time," as required by 5 U.S.C. $555(b).

25. As a result, Petitioners have suffered irreparable and/or other harm, thereby entitling them to injunctive and other relief.

### Count II
### Mandamus, 28 U.S.C. $1361

26. Petitioners incorporate paragraphs 1 through 36, as if fully stated in this Count.

27. Respondents have a duty to administer and enforce the Immigration and Nationality Act (INA). See INA § 103; 8 U.S.C. § 1103 (regarding *inter alia* the duties of the Secretary of Homeland Security and United States Attorney General). Accordingly, Respondents have the responsibility to approve the asylee petition based upon the technical exception contained in INA § 245(c)(2). This breach of the Respondents' duty is ongoing, despite all reasonable efforts by Petitioners and their attorneys to receive a final decision.. Petitioners therefore have no remedy available to compel the Respondents to satisfy their statutory obligations *but for* this federal action.

28. As a result, Petitioners have suffered irreparable and/or other harm, monetary damages, and attorneys' fees, thereby entitling her to injunctive and other relief.

## Count III
### Violation of Immigration and Nationality Act (INA),
### (8 U.S.C. § 1201(a)(1))

29. Petitioners incorporate paragraphs 1 through 22, as if fully stated in this Count.

44. Under federal immigration law, the Department of State issues immigrant visas. See 8 U.S.C. § 1201(a)(1). A

51. Petitioners have no alternative means to a final adjudication and issuance of their immigrant visas and their right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); *see also Northern States Power Co. v. U.S. Dep't of Energy*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d 1059, 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist); *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 114. Here, Petitioners had a clear right to adjust status, but were improperly denied by USCIS.

## Count IV
### Declaratory Judgment, 28 U.S.C. § 2201

52. Petitioners incorporate paragraphs 1 through 22, as if fully stated in this Count.

53. The Respondents' practices, policies, conduct, and failures to act as alleged in this Complaint are: a violation of the INA, a breach of the Respondents' statutory duties, and are unconstitutional, arbitrary and capricious. Petitioners seek a declaration to that effect pursuant to 28 U.S.C. § 2201, and declaring that Respondents are compelled to adjudicate Petitioners' I-485 applications in the next thirty (30) days.

## Count V
### Violation of the Fifth Amendment Due Process and Equal Protection Clauses

54. Petitioners incorporate paragraphs 1 through 22, as if fully stated in this Count.

55. The Respondents' practices, policies, conduct, and/or failures to act as alleged in this Complaint violate the Petitioner's right to substantive and procedural due process and equal protection of law protected by the Fifth Amendment to the United States Constitution. Petitioners are protected by the Fifth Amendment and are guaranteed the enjoyment of due process and equal protection. Because of the Respondent's delay in granting the petitions, Petitioners have suffered a violation of their due process rights.

56. As a result, Petitioners have suffered irreparable and other harm, thereby entitling them to injunctive and other relief.

## **RELIEF REQUESTED**

Wherefore, the Petitioners respectfully request that this Court:

a. Declare that the Respondents' acts and omissions as alleged in this Petition violate the Immigration and Nationality Act, the Administrative Procedure Act, and the Due Process and Equal Protection Clauses of the Fifth Amendment;

b. Issue a Writ of *Mandamus* requiring that the Respondent United States and its agencies issue immigrant visas to the Petitioners;

c. Issue a preliminary and permanent injunction requiring Respondents to reserve immigrant visas, Permanent Resident Cards and Numbers for each of the Petitioners; and

d. Grant such other relief as the Court deems just, equitable and proper.

Respectfully submitted, this 28 day of February 2023.

*/s/Mohammad Shair, Esq.*

5619 Oakland Dr.
Tampa, FL 33617
mzshair@gmail.com
(813)404-9584

**LIST OF EXHIBITS**

Exhibit A: Registration Application Confirmation for DS-260

Exhibit B: Interview Appointment Letter

Exhibit C: Administrative Processing Letter, request for Additional Documents

Exhibit D: Email response for the requested additional documents and the Documents Additional Required Information: Mutaz Abu Al Naaj, Forat Abu Al Naaj and Amjad Abu Al Naaj

Exhibit E: Email response for the requested additional documents and the Documents Additional Required Information: Majed Abu Al Naaj

Exhibit F: All Email correspondences between Petitioner and U.S. Embassy Amman

Exhibit G: USTRAVEL Online Inquiry Cases 2016

Exhibit H: USTRAVEL Online Inquiry Cases 2017

Exhibit I: USTRAVEL Online Inquiry Cases 2018

Exhibit J: USTRAVEL Online Inquiry Cases 2019

Exhibit K: USTRAVEL Online Inquiry Cases 2020

Exhibit L: USTRAVEL Online Inquiry Cases 2021

Exhibit M: USTRAVEL Online Inquiry Cases 2022

Exhibit N: USTRAVEL Online Inquiry Cases 2022